UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YAMILET COROMOTO GONZALEZ,

Petitioner,

v. Case No. 3:26-cv-1053-MMH-MCR

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

---

**ORDER**

Petitioner Yamilet Coromoto Gonzalez, an immigration detainee, is proceeding through counsel on an Amended Petition for Writ of Habeas Corpus (Doc. 7). Coromoto Gonzalez, a citizen of Venezuela, was paroled into the United States on October 30, 2022. Doc. 9-1 at 4. United States Immigration and Customs Enforcement (ICE) detained Coromoto Gonzalez following a traffic stop on April 22, 2026. Id. Coromoto Gonzalez raises various challenges to her immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. Doc. 7 at 11–14.

Respondents filed a Response (Doc. 9) asserting that they are now detaining Coromoto Gonzalez under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the

Amended Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). In reply, Coromoto Gonzalez asserts that although she received a bond hearing on June 12, 2026, pursuant to Respondents' concession, the immigration judge denied relief after concluding that the court lacked jurisdiction because Coromoto Gonzalez is an arriving alien subject to mandatory detention. Doc. 11 at 1–2. As such, she requests immediate release. Id. at 3.

When Coromoto Gonzalez was detained in April 2026, she was not seeking entry at the border; therefore, as the Respondents now concede, she is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Therefore, the Amended Petition is due to be granted as to Coromoto Gonzalez's claim that her dentition without an individualized bond hearing violates the Immigration and Nationality Act. Moreover, because the record in this case suggests that Respondents cannot guarantee Coromoto

Gonzalez will receive an individualized bond hearing under § 1226(a), the Court will instead direct her immediate release.

Accordingly, it is **ORDERED**:

1. Coromoto Gonzalez's Amended Petition for Writ of Habeas Corpus (Doc. 7) is **GRANTED** as to Count One.[1] Respondents shall release Coromoto Gonzalez **within 24 hours** of this Order, and they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting Count One of the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of July, 2026, at 1:30 p.m.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 7/30
c:
Counsel of Record

[1] Because the Court finds that Coromoto Gonzalez is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").